IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:06CR-312 |
| vs. | ) | |
| | ) | ORDER |
| MARTIMIANO TAMAYO, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the court on Martimiano Tamayo's Motion to Compel Disclosure of Informant (#54). The motion was heard and deemed submitted on December 20, 2006.

The defendant is charged with conspiracy to distribute and possession with intent to distribute cocaine and methamphetamine, between August 2005 and August 31, 2006. The defendant is separately charged with one count of distribution of cocaine on August 17, 2006 and one count of distribution of cocaine on August 24, 2006.

**The Role of "Franky," the Confidential Informant.**

The affidavit and application for issuance of the search warrant in this case specifically refers to "Franky" as a confidential information. The affidavit, in part, states:

> On 08-07-06, I conducted an interview with Bellevue Police Confidential Informant code name Franky. Franky told me that he/she has been selling cocaine for a Hispanic male who lives near Stop N Go. Franky said the Hispanic's name is JAVIER and that he provides Franky and several other people with multiple ounces of cocaine a daily basis. Franky said JAVIER fronts the cocaine to several "runners" and that he/she has been selling cocaine for JAVIER for eight hours a day, every day for the last year. Franky said that he/she would go to JAVIER'S apartment repeatedly every single day to get cocaine from him. Franky said that JAVIER'S apartment is located in the alley behind Dragon 88, on the third floor of the building and that it is apartment #7. Franky said that one of the "runners" is an old man called "POPS", or "Marteen." Franky said that "POPS" also sells cocaine for JAVIER all day every day on 24th and N Street in Omaha. The information that Franky provided was later corroborated through independent investigation. (Ex. 102, p.3)

\* \* \*

> .... Franky told me JAVIER'S apartment is on the third floor and can move between the second and third floor of the building from the inside. Franky said JAVIER does this to protect the actual location of where his drugs are stored. After walking out of the third floor door, Lt. Wood saw that Javier walked down to the alley behind Dragon 88 near where his black Jeep and made contact with POPS. POPS then walked south through the alley and had contact with me. (Ex. 102, p.5)

In addition to being mentioned in the affidavit and application, the government disclosed at the motion hearing that "Franky" witnessed an undercover cocaine buy on either August 17, 2006 or August 24, 2006 and may have been present on both dates.

## THE LAW

The seminal case dealing with the disclosure of confidential informants is *Roviaro v. United States*, 353 U.S. 53 (1957), where the Supreme Court recognized the government's privilege to withhold the disclosure of the identity of a confidential informant. In *Roviaro*, the court declined to adopt a fixed rule for determining when disclosure was required. Instead, it adopted a balancing test which includes weighing the consideration of the public interests in protecting the flow of information, against the individual's right to prepare his defense. *Roviaro* also requires the consideration of factors, including the crime charged, possible defenses, possible significance of the informant's testimony, and other relative factors.

The threshold issue is whether the informant is a material witness. Disclosure of the confidential informant is not mandated "unless it is vital to a fair trial." *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987). "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Morris*, 53 F.3d 201, 206 (8th Cir. 1995) (footnote omitted). However, if the informant acts as a mere "tipster" i.e., a person who merely conveys information but does not witness or participate in the offense, "disclosure is not required." *Bourbon,* 819 F.2d at 860. "In order to override the government's privilege of nondisclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of a case." *United States v. Harrington,* 951 F.2d 876, 877 (8th Cir. 1991).

While the government claims that "Franky" is a mere tipster, I find the defendant has established beyond mere speculation that "Franky," given his direct involvement as a witness to and/or participant in cocaine transactions within the dates set out in the pending counts, is material to the determination of this case, it is the government's obligation to reveal the identity of "Franky." Therefore,

**IT IS ORDERED:**

1. The Motion to Compel Disclosure of Informant(#54) is granted. The government shall, **on or before January 12, 2007,** disclose to the defendant the true name of "Franky" the confidential informant.

2. Pursuant to NECrimR 57.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) calendar days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order *is clearly erroneous or contrary to law*. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal. *See* NECrimR 57.2(d).

Dated this 27th day of December 2006.

BY THE COURT:

S/ F.A. Gossett
United States Magistrate Judge